## LONG *v*. CITY OF PORTLAND ET AL.

[No. 11,968.   Filed December 10, 1924.]

DRAINS.—*Section of drainage law providing for the changing and improvement of drains was not repealed by Acts 1915 p. 417, §35.*—Section 19 of the drainage act of 1907, as amended by Acts 1913 p. 152 (§6174 Burns 1914), relating to the repair, changing and improvement of drains, was not repealed by Acts 1915 p. 417, §35, which specifically repealed §§10 to 16, inclusive, and §20, without mention of §19, nor was it repealed by the act of 1917 (Acts 1917 p. 384, §10, §6163p3 Burns' Supp. 1921), which specifically repealed an act concerning drainage districts (Acts 1915 p. 208) and an act of 1915 concerning the maintenance, repair, improvement and betterment of ditches and drains (Acts 1915 p. 417), but expressly provided that it should not repeal any other law concerning the repair or maintenance of drains, and said §19 was in force in 1920, when the order for the improvements involved in this appeal was made.

From Jay Circuit Court; *Fred C. Gause*, Special Judge.

Suit by Joseph A. Long against the City of Portland and its officials for injunction. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*T. A. Redmond* and *R. S. Emerick,* for appellant.

*George T. Whitaker,* for appellee.

McMahan, J.—Complaint by appellant as a taxpayer of the city of Portland, against the city of Portland, the members of the common council, the clerk and treasurer of said city and Isaac Hahn as superintendent of construction of the Frank W. Wilt ditch, to have an assessment made against said city for the construction of said ditch declared void and to enjoin the city and the officers thereof from paying such assessment.

The facts were found specially and are, in substance, as follows: Appellant is the owner of real estate in the city of Portland which has been taxed for the purpose of raising money to pay the assessment against said city in a drainage proceeding by Frank W. Wilt and others, and sues on behalf of himself and all other taxpayers of such city. On August 10, 1904, Henry Bibler and others filed their petition in the Jay Circuit Court for construction of a dredge ditch over and along the Salamonia river a distance of about fifteen miles and through that portion of said river located in said city. Notice was given, and the petition docketed. The court appointed viewers and engineer who filed their report recommending the construction of the drain and assessing the benefits and damages. The report was approved, the ditch constructed by a dredge, and, on report of the superintendent of construction, was accepted and approved by the court in October, 1909. In February, 1916, Frank W. Wilt and others filed their petition in the Jay Circuit Court alleging they were owners of certain lands, a portion of which lay outside of the corporate limits of any city or town; that such lands needed drainage which could, in their opinion, be best accomplished by widening, deepening and straightening said river by starting at a designated point then following along the course of a public drain known as Salamonia river to a point which was about two and a half miles from the place of beginning. It also alleged

that lands of the petitioners had been assessed for the construction of the Bibler ditch; that the portion of said drain above described could be more economically repaired by changing and repairing the same as above set forth; that such drainage could not be constructed without affecting certain described lands of others. March 30, 1916, was named as the day when the petition would be docketed as a pending cause, and said petition was, on May 5, 1916, so docketed. Due notice for more than twenty days was given the landowners named in the petition notifying them of the filing of the petition and stating that such drainage could be best accomplished by deepening, widening, changing and otherwise improving the Salamonia public ditch so as to increase its carrying capacity, starting at a designated point and then running southwest along the river about two and a half miles and through said city to a named point. No remonstrances being filed, this petition was referred to the drainage commissioners. The commissioners in their report brought in other lands and notice was ordered and given to the owners of such other lands. Remonstrances were filed to the report, and the report not being made according to law, an amended report was filed in January, 1920. Remonstrances were then filed to the amended report. On January 26, 1920, some assessments were reduced, the report approved, the ditch ordered constructed and appellee Hahn appointed superintendent to construct the same. The contract for the construction was let to Charles A. Dull, who, after having entered into a contract and given bond, assigned the contract to Albert Clamme, who thereafter completed the ditch according to the contract. On report of the superintendent of construction, the court accepted the work and found the same was completed according to contract.

The city of Portland was assessed benefits on account

of the construction of this ditch, but refused to make a levy against the property of the taxpayers for the payment of such assessment. In 1921, the superintendent commenced an action against the city and its proper officers, in the Jay Circuit Court, to mandate the officers of the city to make the necessary levy of taxes. The defendants therein filed answer, and, on a final hearing, the mayor and councilmen of the city were ordered to make the necessary levy, and the clerk and treasurer of such city were also ordered to do the necessary things in that connection. The common council made the necessary levy, but later passed an ordinance diverting the taxes so levied to other purposes, after which, the superintendent of construction commenced an action in said circuit court against said city and its officers asking for a cancellation of said ordinance, and such proceedings were had as resulted in a decree as prayed.

The court also found that when Clamme took the assignment of the contract, he had no notice or knowledge that the proceedings leading up to the letting of the contract were irregular or illegal or that the city of Portland, the officers or taxpayers thereof, claimed such proceedings were irregular and void; that he, at all times, in good faith, believed they were regular and valid, and, in good faith, proceeded to construct said drain at a large expense of money; that the city of Portland, its officers and taxpayers all had knowledge that the drain was being constructed through the city and of the assessment against the city. The contract price for the construction of the drain was $36,900, of which $24,219.44 have been paid to Clamme in cash and bonds, leaving $12,682.65 due and owing him, and that there is due the superintendent of construction from the city $10,490.55 which should be paid to him by said city.

It is also found that the Wilt ditch followed a part of the course of the Bibler ditch and had the effect of widening, deepening and enlarging that part of the Bibler drain. From these facts, the court concluded as a matter of law: (1) That the plaintiff was not entitled to a recovery; and (2) that defendants should recover costs.

Appellant challenges the correctness of the conclusions of law, on the theory that the action of the court in the Wilt drainage proceedings was void. Appellant says that the Jay Circuit Court had no jurisdiction or authority under the law to order the improvement prayed for in the Wilt petition. He calls attention to an act concerning the cleaning and repairing of dredge ditches, Acts 1917 p. 384, which repeals certain other statutes on that subject, and which contains no saving clause, and insists that the only law in force when the commissioners' report in the Wilt drain was approved and the work ordered constructed, was said act of 1917, which he contends prohibited the widening, deepening and enlarging of any public dredge ditch; that, under that act, the power of the court was limited to cleaning out the ditch to its original width and depth.

Section 10 of said Act of 1917 repeals chapters 88 and 107 of the Acts of 1915 concerning the repair of drains, but provides that nothing in that act shall be taken to contravene or repeal any other law concerning the repair or maintenance of drains, but that the same should be supplemental and additional to existing drainage laws not specifically repealed.

When the Wilt petition was filed and when the final order of the court was made in that proceeding ordering the work done and referring the work to appellee Hahn for construction, there was in force an act concerning drainage, section 19 of which provided: "That the owner of any tract of land affected by and assessed

for the construction or tiling of any public drain, under this or any other law of the State of Indiana, shall have the right to file a petition and therein allege that any such public drain, or any part thereof, may be more economically repaired, or that such drain or any part thereof, being out of repair, is not sufficient to properly perform the drainage for which it was designed and intended, and that it can be made sufficient and perform the drainage for which it was designed and intended by tiling and covering, * * * or by making any other change therein which would be of public utility." §6174 Burns 1914, Acts 1907 p. 508. The said section further provides that such petition for repair or change shall be filed in the office of the clerk of the court or with the board of commissioners, as the case may be, of the county in which the original petition was filed; that the form and contents of such petition shall conform and be similar to the petition for the original drain as provided in section two of the act (§6141 Burns 1914), and that all the proceedings relative to the original petition including notice, docketing, referring to commissioners, filing of remonstrances and all other matters shall so far as applicable apply to proceedings under said section nineteen.

The Wilt petition and all the proceedings relative thereto following said §§6141 and 6174, supra. The form of the petition and the method of procedure under the act of 1917 referred to by appellant differ radically from the petition and procedure required by the act of 1907. It is not necessary to extend this opinion by setting out and comparing the provisions of the act of 1907 with the act of 1917 in order to show that the proceedings on the Wilt petition were taken under and in accordance with the former act.

We cannot agree with appellant in his contention that the only statute in force in February, 1916, when the

Wilt petition was filed, was chapter 107, Acts 1915 p. 417. It is quite significant that §35 of the 1917 act specifically repeals §§10, 11, 12, 13, 14, 15, 16 and 20 of the 1907 act, and that no mention is made of §19. We, therefore, hold that said section nineteen was not repealed by the act of 1917, but was in full force and effect when the improvement asked for in the Wilt petition was ordered; that the proceedings which resulted in the assessment against appellee city were in conformity with the act of 1907 and that the court did not err in its conclusions of law.

Judgment affirmed.